NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUZ CLARITA MEJIA-RAMIREZ; J. E. A.-M., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.   21-70564 <br><br> Agency Nos.   A212-901-329 <br> A212-901-330 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 12, 2026**
San Francisco, California

Before:  FRIEDLAND, MILLER, and COLLINS, Circuit Judges.

Luz Mejia-Ramirez and her minor son,[1] natives and citizens of Guatemala,

petition for review of a decision by the Board of Immigration Appeals ("BIA")

affirming the denial by an immigration judge ("IJ") of Mejia-Ramirez's application

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Mejia-Ramirez's application listed her son as a derivative beneficiary.

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Courts "may review a final order of removal only if" the noncitizen "has exhausted all administrative remedies available to [her] as of right." 8 U.S.C. § 1252(d)(1). Although this is a non-jurisdictional "claim-processing" rule, it is "mandatory in the sense that a court must enforce the rule if a party properly raises it." *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (citation modified). Here, the Government argues that Mejia-Ramirez's challenge to the agency's denial of her application for asylum, withholding of removal, and CAT protection is "foreclosed by waiver and failure to exhaust."

"To exhaust a claim, the noncitizen must put the BIA on notice of the challenge, and the BIA must have 'an opportunity to pass on the issue.'" *Id.* (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)). In a case like this one, in which the petitioner filed a brief before the BIA, "[p]etitioner will . . . be deemed to have exhausted only those issues [she] raised and argued in [her] brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). A conclusory statement that the IJ erred is insufficient to meaningfully challenge the IJ's decision and does not exhaust a claim. *See Rizo v. Lynch*, 810 F.3d 688, 692 (9th Cir. 2016) (holding that a

2

statement in petitioner's brief that petitioner presented a case that established a well-founded fear of persecution, contrary to the IJ's conclusion, was not sufficient to exhaust his asylum claim).

In her proceedings before the IJ, Mejia-Ramirez claimed that she qualified for asylum and withholding from removal because she suffered persecution due to her membership in three social groups: women in Guatemala, women in a domestic relationship, and small business owners who lost their livelihood in Guatemala. She also claimed that she qualified for CAT protection. The IJ rejected her asylum and withholding claims on the ground that the social groups of "small business owners who lost their livelihood in Guatemala" and "women or females in Guatemala" were not cognizable, and that even if women in a domestic relationship was a cognizable social group, which the IJ held it was not, Mejia-Ramirez had failed to present sufficient evidence of a nexus between her persecution and her membership in the group. The IJ rejected her CAT claim because Mejia-Ramirez had failed to establish that she would be subject to torture by or with the acquiescence of the government if she were returned to Guatemala.

In her counseled brief before the BIA, Mejia-Ramirez challenged only the IJ's determination that women who "suffer[] abuse from the hands of [a] domestic partner" or women trapped in a relationship with a domestic partner are not

3

cognizable social groups.[2] She did not challenge the IJ's determination that she has failed to establish that there was a nexus between her persecution and her membership in those social groups. Mejia-Ramirez also did not meaningfully challenge the IJ's holding regarding CAT protection.[3] The BIA held that because she did not challenge the IJ's dispositive finding regarding nexus before the BIA, her asylum and withholding claims failed. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(a). Similarly, the BIA held that because she did not meaningfully challenge the IJ's rejection of her CAT claim before the BIA, she "waived" that claim as well.

To the extent that, in her petition to our court, Mejia-Ramirez makes any arguments about nexus or CAT relief, those arguments are not exhausted, so we cannot review the BIA's resolution of her claims. 8 U.S.C. § 1252(d)(1), *Suate-Orellana*, 101 F.4th at 629.

Moreover, Mejia-Ramirez does not challenge in our court the BIA's

---

[2] Neither of these exact social groups were proposed before the IJ, but this argument can reasonably be construed as a challenge to the IJ's determination that "women in a domestic relationship" is not a cognizable social group.

[3] The only mention of the IJ's holdings regarding CAT in Mejia-Ramirez's brief are general comments in her statement of the issue presented, in the summary of the argument, and in the conclusion. These statements are insufficient to "apprise the BIA of the particular basis for [her] claim that the IJ erred." *Rizo*, 810 F.3d at 692.

holdings that she failed to make arguments on necessary elements of her claims, so even if there were doubt about whether she failed to exhaust, any challenge to the BIA's bases for rejecting her claims has now been forfeited. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (arguments not "specifically and distinctly" addressed in the opening brief are forfeited (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020))).

**PETITION DENIED**.[4]

---

[4] The motion to stay removal, Dkt. No. 1, is denied. *Nken v. Holder*, 556 U.S. 418, 434 (2009).